IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| DEMETRIUS MCLAUGHLIN, | * | |
| Petitioner | * | |
| v. | * | Civil Action No. PWG-17-3558 |
| WARDEN TIMOTHY STEWART, FCI-Cumberland, *et al.*, | * | |
| | * | |
| Respondents | | |

***

# MEMORANDUM OPINION

Pending is Demetrius McLaughlin's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, challenging a decision by the Bureau of Prisons ("BOP") to place him in a Residential Re–Entry Center for only the last nine months of his sentence, instead of the twelve months he requested. ECF No. 1. McLaughlin has submitted a supplement to his Petition, ECF No. 4, and has also filed a Motion for Leave to Amend and Supplement Petition for Writ of Habeas Corpus, accompanied by the proposed supplements and amendments, ECF No. 8. Counsel for Warden Timothy Stewart has filed a Motion to Dismiss, or in the Alternative, For Summary Judgment, ECF No. 6, with a Memorandum in Support, ECF No. 6-1, and a Supplemental Memorandum, ECF No. 11. McLaughlin's Motion to Amend is granted in part and denied in part as futile. Because there is neither a factual nor legal basis to warrant relief from the BOP's discretionary determination, the Warden's Motion for Summary Judgment shall be GRANTED, and the Petition shall be DISMISSED.

## THE PETITION AND PROCEDURAL BACKGROUND

Demetrius McLaughlin is an inmate at the Federal Correctional Institution in Cumberland, Maryland, and he is presently scheduled to complete his term of incarceration in

January 2019. Pet.'s Mem. 4, ECF No. 1-1; Resp.'s Mem. 2. In this action, McLaughlin challenges the BOP's decision to recommend him to a Residential Re–Entry Center ("RRC") for nine months instead of the statutory maximum term of twelve months that he requested. Pet. 7. As relief, he asks the Court to order the BOP to recommend him for twelve months of RRC placement. *Id.* at 12.

In addition to Warden Timothy Stewart, McLaughlin's Petition and proposed amended petition name several Bureau of Prisons ("BOP") employees, the United States, the BOP, and a subset of the BOP as Respondents. ECF Nos. 1, 8-8. However, the only

> proper respondent to a habeas petition is the person who has custody over the petitioner. The consistent use of the definite article [in 28 U.S.C. § 2242] in reference to the custodian indicates that there is generally only one proper respondent to a given prisoner's habeas petition. . . . [T]he default rule is that the proper respondent is the warden of the facility where the prisoner is being held, not the Attorney General or some other remote supervisory official.

*Rumsfeld v. Padilla*, 542 U.S. 426, 434–35 (2004) (citations, alterations, and internal quotation marks omitted). Because Stewart is the sole proper Respondent, all other Respondents are entitled to dismissal. Accordingly, this opinion refers to the Respondent in the singular form. And, insofar as McLaughlin seeks to amend his Petition to name respondents other than the Warden, his Motion to Amend is denied as futile. *See Foman v. Davis*, 371 U.S. 178, 182 (1962) (noting that "futility of amendment" is a reason to deny leave to amend). To the extent that McLaughlin seeks to supplement his argument, his motion to amend is granted.

The Warden moved to dismiss or, alternatively, for summary judgment, arguing that McLaughlin failed to exhaust his administrative remedies and, in any event, "the BOP did not abuse its discretion in reducing Petitioner's RRC placement, and Petitioner has no protected liberty interest in an RRC placement or home confinement." Resp.'s Mem. 1-2. The Warden has withdrawn his argument that McLaughlin failed to exhaust his administrative remedies. *See*

Notice, ECF No. 10. McLaughlin was notified that he had the opportunity to oppose the Warden's Motion, but has not done so, and the time for doing so has passed. *See* ECF No. 7.

Instead, he filed a Petition for Show Cause Order as to Respondents Failure to Comply with Court Order, ECF No. 12. He contends that the Warden failed to file a timely response to his Petition. Yet, the Warden's Motion was filed on December 29, 2017, the date on which a response was due. *See* ECF No. 3 (setting deadline). Accordingly, McLaughlin's Petition for Show Cause Order is denied.

The Warden's Motion shall be reviewed as one for summary judgment. After review of these filings, the Court finds no need for an evidentiary hearing. *See* Rules 1(b), 8(a), *Rules Governing Section 2254 Cases in the United States District Courts* and Local Rule 105.6.

## STANDARD OF REVIEW

Summary judgment is proper when the moving party demonstrates, through "particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . , admissions, interrogatory answers, or other materials," that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a), (c)(1)(A); *see Baldwin v. City of Greensboro*, 714 F.3d 828, 833 (4th Cir. 2013). If the party seeking summary judgment demonstrates that there is no evidence to support the nonmoving party's case, the burden shifts to the nonmoving party to identify evidence that shows that a genuine dispute exists as to material facts. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 585–87 & n.10 (1986). The existence of only a "scintilla of evidence" is not enough to defeat a motion for summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251 (1986). Instead, the evidentiary materials submitted must show facts from which the finder of fact reasonably could

find for the party opposing summary judgment. *Id*.

## ANALYSIS

The Second Chance Act of 2007 permits eligible inmates to spend some portion of the final twelve months of their sentence in a community correctional facility, also known as a halfway house or an RRC. The statute provides in relevant part:

> In general. The Director of the Bureau of Prisons shall, to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (*not to exceed 12 months*), under conditions that will afford that prisoner *a reasonable opportunity* to adjust to and prepare for the reentry of that prisoner into the community. Such conditions *may* include a community correctional facility.

18 U.S.C. § 3624(c)(1) (emphasis added).

The statute does not guarantee an inmate a 12 month RRC placement, but only directs the Bureau of Prisons "to consider placing an inmate in an RRC for up to the final 12 twelve months of his or her sentence." *See Demis v. Sniezek*, 558 F.3d 508, 514 (6th Cir. 2009) (citation omitted). The plain language of the statute makes clear that placement in an RRC is discretionary and not mandatory. *See* 18 U.S.C. § 3624(c)(1). It simply requires the Director of the BOP to ensure, "to the extent practicable, . . . that a prisoner . . . spends *a portion* of the final months of [a term of imprisonment] (not to exceed 12 months)" in a RCC. *Id.* (emphasis added). The statute also is clear that the twelve-month RRC placement is a maximum, not a mandatory term. *See id.* Further, the statute does not require that officials select the best possible condition(s) to facilitate reentry to society; rather, the statute only requires that the selected condition(s) give a prisoner a *reasonable* opportunity to adjust. *See id.*

To determine the appropriate length and place of pre-release custody, the BOP is required to consider placement "on an individual basis" and "in a manner consistent with [18 U.S.C. § 3621(b)]," which sets forth five factors that the BOP must consider in determining a prisoner's

place of imprisonment. *See* 18 U.S.C. § 3624(c)(6)(A) & (B); 28 C.F.R. § 570.22. The factors are:

> (1) the resources of the facility contemplated;
>
> (2) the nature and circumstances of the offense;
>
> (3) the history and characteristics of the prisoner;
>
> (4) any statement by the court that imposed the sentence—
>
> (A) concerning the purpose for which the sentence to imprisonment was determined to be warranted; or
>
> (B) recommending a type of penal or correctional facility as appropriate; and
>
> (5) any pertinent policy statement issued by the Sentencing Commission.

18 U.S.C. § 3621(b).

Review of the exhibits provided by the Warden establishes that McLaughlin received individualized assessment for RRC placement using the factors enumerated at 18 U.S.C. § 3621. Specifically, McLaughlin's Unit Manager stated:

> On October 18, 2017, Petitioner was approved for an RRC placement. His Unit Team recommended that he be placed in an RRC for a period lasting two-hundred seventy (270) days. . . . First, it was determined that RRC placement was available in Petitioner's release area. Second, Petitioner's current offenses did not preclude him from RRC Placement. Third, Petitioner needs to secure residence and employment in his release location, as he is currently without a home. Additionally, in the third factor includes consideration of the fact that he has no history of escape, but a history of violence in the institution, and would benefit from educational and employment training. Fourth, Petitioner's sentencing court did not make any statement precluding him from being released to an RRC. Fifth, there was no pertinent policy preluding Petitioner from being placed in an RRC. Based on Petitioner's transitional needs in terms of obtaining employment, a home, or financial assistance, a maximum stay of nine (9) months was recommended.
>
> Petitioner's Unit Team and I reviewed the five factors equally in accordance with the Second Chance Act. His allegation that his disciplinary history was "the reason" he received 9 months is false. As he was told previously, his disciplinary history is only one of the many factors considered in his placement. I felt as though 9 months was sufficient time for him to secure a residence and employment prior to his release from BOP custody.

Fazenbaker Decl. ¶¶ 6–7, ECF No. 6-3. And, Respondent's RRC Placement Form states:

> Inmate McLaughlin is homeless. He was reviewed under 18 USC 3621b: (1) An RRC is available in his release area. (2) Offense indicates eligibility for RRC. (3) History and characteristics: secure residence and employment in Tampa, Florida; no history of escape; history of violence (Battery X2); would benefit from educational and employment training. (4) No statement by sentencing court regarding RRC placement. (5) No pertinent policy by the Sentencing Commission.

*Id.* Att. A. Thus, contrary to McLaughlin's assertion that BOP officials only considered his two disciplinary infractions while incarcerated and that they failed to acknowledge that he will be homeless upon release, Pet.'s Mem. 7, it is clear that all § 3621(b) factors properly were taken into consideration, that the evaluation of McLaughlin's history and characteristics was multifaceted, and that officials considered McLaughlin's homelessness. Although McLaughlin might disagree with the BOP's recommendation, there is neither a factual nor legal basis to warrant relief from the BOP's discretionary determination.[1]

## CONCLUSION

The Court determines that no genuine issue as to any material fact is presented and the Warden is entitled to a judgment as a matter of law. Summary judgment shall be entered in favor of the Warden and habeas corpus relief shall be denied by separate order.

January 29, 2018 /S/
Date Paul W. Grimm
United States District Judge

---

[1] An inmate has no constitutional right to be confined to a particular institution, *Meachum v. Fano*, 427 U.S. 215, 223 (1976), nor any "justifiable expectation" that he will be confined in a particular prison. *Olim v. Waukinekona*, 461 U.S. 238 (1983). Petitioner identifies no protected liberty interest in being placed in an RRC prior to his release, and the decision whether to make such placement is a matter of prison management within the knowledge and expertise of BOP officials; thus, this Court cannot intervene unless a clear constitutional violation has occurred.